# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **I.B., J.B., R.M., and A.J.**

**No. 18-0114** (Jefferson County 17-JA-11, 12, 33, and 34)

## MEMORANDUM DECISION

Petitioner Father D.B., by counsel Christian J. Riddell, appeals the Circuit Court of Jefferson County's January 9, 2018, order terminating his parental rights to I.B., J.B., R.M., and A.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Jared Adams, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and in failing to exclude the recorded interview of a minor victim that had not been disclosed during discovery.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, a law enforcement officer filed a child abuse and neglect petition against petitioner, alleging that the children I.B. and J.B. were at risk of abuse based upon petitioner's sexual abuse of four minor girls. Specifically, the officer's investigation revealed that four of J.B.'s friends reported being sexually abused by petitioner throughout 2015 and 2016 when spending the night at petitioner's home. Each of the child victims reported that petitioner would wait until they fell asleep and then touch their vaginas. The DHHR filed an amended petition in October of 2017, adopting the allegations contained in the original petition and adding two more of petitioner's children, R.M. and A.J., who were previously unknown to the DHHR.

The circuit court held two adjudicatory hearings throughout October of 2017 and November of 2017. The recorded interviews of the child victims conducted at the local

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner raises no specific assignment of error regarding the termination of his parental rights.

1

Children's Advocacy Center ("CAC") were viewed in open court and admitted into evidence. The CAC interview of one of the child victims had not been disclosed to petitioner during the discovery process, but the child victim's allegations were contained in the petition. Petitioner moved the circuit court to exclude the undisclosed interview and said motion was denied. However, the circuit court did grant petitioner the opportunity to reopen the adjudicatory evidence after he fully reviewed the recorded interview at his leisure following the October of 2017 hearing.

Petitioner presented the testimony of several witnesses, all of whom testified that they had no knowledge of petitioner having sexually abused children. Petitioner also testified and denied sexually abusing the children. Petitioner suggested that the children made up the allegations of abuse because he recently told them they would not be permitted to stay overnight anymore if they continued to misbehave. After hearing evidence, the circuit court adjudicated petitioner as an abusing parent based upon sexual abuse of the four child victims. Specifically, the circuit court found that petitioner rubbed the vaginal area of one child and tried to put his penis in her mouth, put his hands underneath the clothing of three of the children to feel their vaginal areas, and digitally penetrated one of the children's vagina. Further, the circuit court found that the child victims were "prepubescent and their description of the touching was consistent with their developmental age." Finally, because petitioner sexually abused four children while they were in his home, the circuit court found that petitioner abused I.B. and J.B. Petitioner was adjudicated as having abandoned R.M. and A.J.

In January of 2018, the circuit court held a dispositional hearing wherein petitioner did not contest the termination of his parental rights, but argued that he had been wrongfully adjudicated and advised that he intended to appeal his adjudication. The circuit court incorporated its previous findings into its dispositional order, in which it also found that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the children's welfare. It is from the January 9, 2018, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[3]C.W., the mother of I.B. and J.B., is currently participating in an improvement period. The permanency plan for the children is to remain in her care should she successfully complete the permanency plan. The concurrent permanency plan is adoption by a relative. W.M., R.M.'s mother, is a non-abusing parent and the permanency plan for R.M. is to remain in her mother's care. J.J., A.J.'s mother, is a non-abusing parent and the permanency plan for A.J. is to remain in her mother's care.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent based upon allegations of sexual abuse against the great weight of the evidence.[4] Petitioner argues that the only evidence of sexual abuse comes from the CAC interviews of the four children, with no other corroboration. Petitioner asserts that the children's statements are rehearsed and too similar to be genuine. As a specific example, petitioner states that none of the children could provide a satisfactory answer to questions about sensory information. Moreover, petitioner alleges that the children's allegations that he entered J.B.'s bedrooms to abuse the children "every five minutes" were particularly unbelievable, especially in light of the fact that both C.W. and J.B. were extremely light sleepers and would have awoken had he repeatedly gone in and out of the bedrooms.

However, we find petitioner's argument to be without merit. We have previously noted as follows:

> At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected . . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S. and Z.S.*, 233 W.Va. 538, 544, 759 S.E.2d 769, 775 (2014). This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id.* at 546, 759 S.E.2d at 777 (citing *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)). Additionally,

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W.Va. Code, 49-1-3(a) (1994) [now W.Va. Code § 49-1-201].

---

[4]Regarding two of his children, petitioner was adjudicated as an abusing parent based upon abandonment. However, on appeal, petitioner only addresses his adjudication based upon allegations of sexual abuse. As such, we will not address the circuit court's adjudication of petitioner based upon abandonment.

Syl. Pt. 2, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

While petitioner argues that the circuit court erred in adjudicating him as an abusing parent "against the full weight of the evidence," a review of the record reveals that sufficient evidence existed upon which to find that petitioner sexually abused the four child victims while they were in his custody. The DHHR presented the CAC interviews of the four child victims in which each described the abuse perpetrated by petitioner. Petitioner was permitted to submit a brief detailing the inconsistent statements made by the child victims during the interviews. Moreover, petitioner presented the testimony of several witnesses who testified in his favor. However, the circuit court weighed the evidence and found that the child victims' disclosures of abuse were credible. Accordingly, the circuit court found that petitioner's own children were abused and adjudicated petitioner accordingly. We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make some determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, we decline to disrupt the circuit court's findings that the child victims were credible and their allegations were true. Therefore, we find that petitioner was adjudicated upon sufficient evidence and is entitled to no relief in this regard.

Petitioner also argues that the circuit court erred in failing to exclude the CAC interview of one child victim, L.M., when it had not been disclosed to petitioner during the discovery process. Petitioner argues that he was significantly prejudiced by the admission of the recorded interview because it forced him to "respond with legal strategy on the spot without even having the benefit of being able to properly see or even hear in some respects the full testimony."[5] Upon our review, however, the Court finds no error in the proceedings. We have held

> "[t]he West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard." Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 3, *In re J.S.*, 233 W.Va. 394, 758 S.E.2d 747 (2014). In support of his argument that the circuit court should have excluded L.M.'s CAC interview, petitioner fails to cite to any authority that would have required disclosure of the same, aside from his general assertion that it should have been disclosed in the discovery process. We find, however, that the circuit court did not err in admitting the interview into evidence. The petition contained the allegations made by L.M. and, as such, petitioner had notice of the same. In fact, the petition contained twelve enumerated points regarding petitioner's abuse of L.M. in particular. Moreover, petitioner properly received copies of the three other child victims' CAC interviews and had already prepared his defense for

---

[5]The record indicates that there were some technical difficulties in playing the recorded interviews in open court.

those allegations, which were similar to L.M.'s allegations. Finally, the circuit court granted petitioner time to review the CAC interview at his leisure and then reopen evidence should he desire to present more evidence regarding the interview. Therefore, we find that the circuit court did not abuse its discretion in admitting the undisclosed CAC interview into evidence.

Lastly, because the proceedings in circuit court regarding the mother of I.B. and J.B. are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 9, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 11, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.